UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:13-CR-126 JD |
| | ) | |
| DAVON STEWART | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Davon Stewart's Emergency Motion for

Compassionate Release [DE 61], filed on May 4, 2020. For the reasons stated below, the

Defendant's request is DENIED without prejudice.

## I.  BACKGROUND

On November 13, 2013, the Grand Jury charged the Defendant with (Count 1) possession

with intent to distribute crack cocaine; (Count 2) possession of a firearm by a felon; and (Count

3) knowingly possessing a firearm in furtherance of drug trafficking. *See* Indictment, pp. 1–3,

DE 1; *see also* 18 U.S.C. §§ 841(a)(1); 922(g); 924(c). On March 21, 2014, the Defendant

pleaded guilty to Counts 1 and 3. *See* Plea Agreement, pp. 3–6, DE 22. On July 9, 2014, the

Court conducted a sentencing hearing. *See* Sentencing Hearing, DE 47. The Court dismissed

Count 2 pursuant to the parties' plea agreement. *Id.* The Court sentenced the Defendant to 46

months of imprisonment on Count 1 and 60 months of imprisonment on Count 3, with sentences

to run consecutively.

On May 1, 2020, the Defendant filed a letter requesting that he be released due to the

ongoing COVID-19 pandemic. *See* Letter, p. 1, DE 56. The Defendant noted that it was difficult

to practice social distancing, and several inmates had complained of being sick. *See id.* Further,

the Defendant highlighted that he was nearing the end of his prison sentence. *See id.* Thus, the

Defendant requested that the Court vacate the remainder of his prison sentence. *Id.*

On May 4, 2020, the Defendant filed the instant Emergency Motion for Compassionate Release. The Defendant only argued that he should be released "due to the 'extraordinary and compelling reasons' confronting the federal prison system by Covid-19 pandemic." Def.'s Emergency Mot. for Compassionate Release, p. 1, DE 61. The Defendant did not offer any further explanation or analysis in support of his request. *See id.*

On May 18, 2020, the Government filed a Response to the Defendant's request for compassionate release. In essence, the Government argued that the Defendant's request should be denied because the Defendant did not exhaust his administrative remedies. *See* Response, p. 3, DE 65. On May 26, 2020, the Defendant filed a letter in which he argued that he should be released regardless of his medical condition. *See* Letter, p. 1, DE 66. The Defendant indicated that other courts had granted requests for compassionate release even when the prisoner did not have an underlying medical condition. *See id.* The Defendant did not address the Government's argument regarding the exhaustion of administrative remedies. *See id.*

## II.  ANALYSIS

The Defendant's request for compassionate release is denied at this time. In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020).

2

In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). To the extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)). Finally, "[a] defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) can only be made 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Hawkins*, No. 2:17-CR-134, 2020 WL 3264115, at *1 (N.D. Ind. June 17, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court. *See Davis*, 2020 WL 1951652, at *1 (citing *United States v. Dillard*, No. 1:19-00362, 2020 WL 1697243, at *2 (S.D. Ind. Apr. 7, 2020)).

In this case, the Defendant argues he is entitled to compassionate release because of "the 'extraordinary and compelling reasons' confronting the federal prison system by Covid-19 pandemic." Def.'s Emergency Mot. for Compassionate Release, p. 1, DE 61. However, even under the generous standard provided to *pro se* litigants, the instant motion and supporting letters

3

do not provide adequate explanation or analysis. For example, the Defendant does not indicate whether he exhausted his administrative remedies. Further, the Defendant does not mention whether he suffers from a medical condition that makes him especially susceptible to the dangers of COVID-19. The Defendant notes that other courts have granted requests for compassionate release to prisoners without preexisting medical conditions, but he does not cite any caselaw or provide further analysis. *See* Letter, p. 1, DE 66. Further, the Defendant does not discuss the factors set forth in 18 U.S.C. § 3553(a).

"The parties—not the courts—must research and construct available legal arguments." *United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015). As such, an undeveloped argument that is without citation to pertinent legal authority is waived. *Id.*; *see also United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017) (citing *United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014)). Although the Court certainly understands that the Defendant is a *pro se* prisoner, the Court concludes that the Defendant has waived the issue due to his cursory analysis.

However, the Defendant has leave of court to file a renewed motion for compassionate release. Any such request should discuss whether the Defendant exhausted his administrative remedies. Further, the Defendant should discuss his physical health and the current condition of his prison. To the extent that the Defendant finds caselaw favorable to his request, he should cite the authority within his motion for compassionate release. Moreover, to the extent that the Defendant has documentary evidence that is favorable to his request, the Defendant should cite this material within his motion or include it as an exhibit

4

### III.  CONCLUSION

For the reasons stated above, the Defendant's Emergency Motion for Compassionate

Release [DE 61] is DENIED without prejudice. Consistent with this Opinion and Order, the

Defendant has leave of court to file a Renewed Motion for Compassionate Release.

SO ORDERED.

ENTERED: June 23, 2020


> /s/ JON E. DEGUILIO
> Chief Judge
> United States District Court